UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X    Case No.: 1:23-cv-05246

FALLON WHITE,

                    Plaintiff,
                                                                    **COMPLAINT**

            -against-

AMERICAN ASSOCIATION OF ADVERTISING                    Plaintiff Demands
AGENCIES, INC., individually and d/b/a "4A'S,"             A Trial by Jury

                    Defendant.

--------------------------------------------------------------------X

Plaintiff, Fallon White, by and through her attorneys, Phillips & Associates, PLLC, upon information and belief, complains of Defendant as follows:

### INTRODUCTION

1.  Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §2000e *et seq.* ("Title VII"), the New York State Executive Law, and the Administrative Code of the City of New York, seeking damages to redress the injuries she has suffered as a result of being discriminated against on the basis of her religion, together with failure to provide a religious accommodation, retaliation, and unlawful termination.

### JURISDICTION AND VENUE

2.  The Court has jurisdiction pursuant to 42 U.S.C. 2000e *et seq.*, 28 U.S.C. §1331, §1343, and supplemental jurisdiction thereto.

3.  This action involves a Question of Federal Law.

4.  Venue is proper in this district based upon the fact that a substantial part of the events and omissions giving rise to the claim occurred within the Southern District of New York. 28 U.S.C. §1391(b).

5. On or about November 22, 2021, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").

6. On or about March 23, 2023, Plaintiff received a Notice of Right to Sue Letter from the EEOC.

7. This action is brought within ninety (90) days of said Notice of Right to Sue Letter.

## PARTIES

8. Plaintiff was and is a Christian female resident of the State of New York, County of Orange.

9. At all times material, Defendant AMERICAN ASSOCIATION OF ADVERTISING AGENCIES, INC. individually and d/b/a "4A'S" (hereinafter referred to as "4A'S") was and is a domestic not-for-profit corporation duly incorporated under the laws of the State of New York.

10. At all times material, Defendant 4A'S was and is a national trade association of advertising agencies headquartered at 25 W 45th St 16th Floor, New York, NY 10036.

11. At all times material, Plaintiff was an employee of Defendant 4A'S.

## MATERIAL FACTS

12. On or about April 16, 2018, Plaintiff began working for Defendant 4A'S as an "Executive Assistant," at the company's previous 5 Bryant Park, 16th Floor, New York, NY 10018 location.

13. Plaintiff's primary duties included making travel arrangements, scheduling meetings, event planning, and performing other administrative tasks as needed.

14. Throughout her employment, Plaintiff was a dedicated and reliable employee who performed all of her duties without issue.

15. On or about March 13, 2020, as a result of the COVID-19 pandemic, Defendant 4A'S instructed its entire staff, including Plaintiff, to begin working from home.

16. Additionally, as a result of the ongoing COVID-19 pandemic, Defendant 4A'S' Marketing Team pivoted from in-person events, to online virtual events and marketing campaigns.

17. At that time, Defendant 4A'S also allowed employees who *preferred* to work in the office, to do so.

18. In or around the beginning of July 2021, and based on her strong performance, Defendant 4A'S promoted Plaintiff to "Marketing Specialist" and increased her annual salary to $67,000.

19. In or around the last week of July 2021, Defendant 4A'S adopted a "Mandatory Vaccination Policy," requiring all employees "who report to work in the office" to be fully vaccinated against COVID-19 by September 16, 2021.

20. On or about July 30, 2021, Chief Operating Officer (COO), Adam Cotumaccio, sent an email to Defendant 4A'S staff, attaching The Mandatory Vaccination Policy, which further stated:

> "[Defendant 4A'S] **will provide exceptions to this mandatory vaccination policy only for employees with an approved medical or religious exemption** … Employees who do not timely receive a vaccination and do not obtain an exemption will be terminated from employment." (emphasis added)

21. Defendant 4A'S's Mandatory Vaccination Policy did not provide any information regarding if, or when, employees were expected to return to the office.

22. Therefore, over the next several months, Plaintiff continued working from home.

23. On or about September 2, 2021, during a Zoom video conference, Plaintiff asked Mr. Cotumaccio and Human Resources (HR) Director, Helen Siguenza, if the company planned on "returning to the office soon."  Mr. Cotumaccio replied, "No."  Then, in anticipation of the company's eventual return to the office, Plaintiff asked Mr. Cotumaccio if she could submit to weekly COVID-19 testing in lieu of vaccination.  Mr. Cotumaccio responded, "No.  We need to be consistent and don't want to show favoritism."

24. After learning about Defendant 4A'S' purported mandate, Plaintiff asked her manager, Senior Vice President (SVP) of Marketing, Tamiko B. Evans, whether her team would return back to the office.  Ms. Evans replied, "I have no desire to return back to work in the office."

25. As a result, around this time, the rest of Plaintiff's team continued working remotely.

26. For example, at this time, and for a period well beyond Plaintiff's eventual termination, Social Media Strategist, Nicole Reed, continued working remotely for Defendant 4A'S' from the country of Kenya.

27. Similarly, at this time, and for a period well beyond Plaintiff's eventual termination, Design Director, Jesse Jones, continued working remotely from his home in Ithaca, New York.

28. On or about September 14, 2021, Plaintiff telephoned Ms. Siguenza and again asked if she could submit to weekly COVID-19 testing (in lieu of vaccination) if, or when, employees were required to return to the office.  Ms. Siguenza simply replied, "No."

29. On or about September 17, 2021, Plaintiff participated in an all-staff Zoom meeting conducted by Mr. Cotumaccio.  During the meeting, Mr. Cotumaccio proclaimed, "I'm happy to announce that 98% of the company complied with turning in their proof of vaccination.  **The 2% that did not comply will be dealt with swiftly**."

30. That same day, Ms. Siguenza emailed Plaintiff and asked if, or when, she would be receiving a COVID-19 vaccine.  Plaintiff told Ms. Siguenza that she would not be getting vaccinated and requested a religious exemption to Defendant 4A'S' COVID-19 vaccine mandate.

31. Later that afternoon, Ms. Siguenza sent Plaintiff an email stating:

> "Attached is the religious accommodation form as you requested … the deadline for compliance with the vaccination policy was yesterday, September 16, 2021.  **We are willing to make a one-time exception to this deadline to review your belated request**; however, we will need you to return the form no later than September 21, 2021 …"

32. On or about September 21, 2021, Plaintiff emailed Ms. Siguenza a completed religious accommodation form, in which she wrote:

> "As a Christian and a member of the Body of Christ, my sincerely held religious beliefs are an all-encompassing aspect of my life … My sincerely-held Christian beliefs DO NOT ALLOW ME to: have a biological substance injected into my body. My blood is sacred and life is found in the blood. My own salvation was bought and paid for by the blood of Jesus Christ and I CANNOT taint my own blood with vaccines. The Bible warns against this type of pharmakeia, and I will not violate my sincerely-held Christian beliefs, as my body is the temple of the Holy Spirit and is to remain pure …"

33. In this same email, Plaintiff also attached a letter from her Pastor, David W. Hall, who wrote, "Vaccines are an affront to any Christian and as an ordained Pastor and head of TRUE HOPE Ministry since 2011, I am writing to affirm this sincerely held religious belief of [Plaintiff]."

34. Later that day, Ms. Siguenza sent Plaintiff an email confirming receipt of her religious accommodation form and letter from Mr. Hall.

35. The following day, on or about September 22, 2021, Ms. Siguenza emailed Plaintiff a list of intrusive questions concerning her religious beliefs, some of which included:

> "…[H]ow long have you subscribed to this religious belief or practice? … Do you take preventative medication or medication for treatment of ailments? … Have you consumed alcohol or tobacco products which you have subscribed to your religious belief or practice? … [and] Do you have tattoos?"

36. Ms. Siguenza also instructed Plaintiff to provide responses to these questions by September 24, 2021.

37. Accordingly, on or about September 24, 2021, Plaintiff emailed her responses to Ms. Siguenza,

38. In the email, Plaintiff also wrote, "I believe that the way I choose to express my religious beliefs should be respected without feeling pressured to provide an explanation of my thoughts on modern medicine." Additionally, Plaintiff complained that she believed Ms. Siguenza's questions were "**discriminatory**" in nature, and submitted an Inquiry with the Equal

Employment Opportunity Commission later that same day.

39.    Three (3) days later, on or about September 27, 2021, during a Zoom video conference, Ms. Siguenza and Mr. Cotumaccio terminated Plaintiff's employment.

40.    Ms. Siguenza informed Plaintiff that she was being terminated for failing to comply with the company's September 16, 2021 vaccination deadline, and failing to submit the religious exemption request by September 16, 2021.

41.    Defendant 4A'S' stated reason for terminating Plaintiff is pretext because Defendant 4A'S informed Plaintiff that they would extend the September 16, 2021 deadline so Plaintiff *could* submit her religious exemption request.

42.    In reality, Defendant 4A'S terminated Plaintiff because it did not want and/or intend to accommodate her religious (Christian) beliefs.

43.    Defendant 4A'S could have provided Plaintiff with a religious accommodation and doing so would not have imposed an undue burden to its operation.

44.    Significantly, Defendant 4A'S has yet to announce a formal return-to-office date, and continues to allow employees to work from home.

45.    As further evidence of Defendant 4A'S' discriminatory animus, Database Analyst, Georgia Sicard, who is also unvaccinated and *did not* request a religious or a medical exemption, was not immediately terminated for failing to comply with the company's September 16, 2021, vaccination deadline.  Instead, Defendant 4A'S informed Ms. Sicard that she could continue working until at least December 20, 2021.

46.    Defendant 4A'S would not have harassed and discriminated against Plaintiff but for her religion.

47.    Defendant 4A'S would not have terminated Plaintiff but for her request for a religious

accommodation.

48.    Defendant 4A'S would not have retaliated against Plaintiff but for her complaints about religious discrimination.

49.    As a result of Defendant 4A'S' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

50.    As a result of Defendant 4A'S' discriminatory and intolerable treatment of Plaintiff, she suffered severe emotional distress and physical ailments.

51.    As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

52.    As a result of the above, Plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower courts.

53.    As Defendant 4A'S' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages as against Defendant 4A'S.

**AS A FIRST CAUSE OF ACTION**
**UNDER TITLE VII**
**DISCRIMINATION**

54.    Plaintiff repeats, reiterates, and realleges each and every allegation made in the Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

55.    This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.*, as amended, for relief based upon the unlawful

employment practices of Defendant 4A'S. Plaintiff complains of Defendant 4A'S' violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's religion.

56. Defendant 4A'S engaged in unlawful employment practices prohibited by Title VII by discriminating against Plaintiff on the basis of her religion, together with failure to provide a religious accommodation, and unlawful termination.

**AS A SECOND CAUSE OF ACTION**
**UNDER TITLE VII**
**RETALIATION**

57. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

58. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be an unlawful employment practice for an employer:

> "(1) to…discriminate against any of his employees…because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

59. Defendant 4A'S engaged in an unlawful employment practice prohibited by 42 U.S.C. §2000e *et seq.* by discriminating against Plaintiff with respect to the terms, conditions or privileges of employment, because of her opposition to its unlawful employment practices.

**AS A THIRD CAUSE OF ACTION**
**UNDER STATE LAW**
**DISCRIMINATION**

60. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

8

61. Executive Law § 296 provides that "1. It shall be an unlawful discriminatory practice: "(a) For an employer or licensing agency, because of an individual's … religion… to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

62. Defendant 4A'S engaged in an unlawful discriminatory practice by discriminating against the Plaintiff on the basis of her religion, together with failure to provide a religious accommodation, and unlawful termination.

63. Plaintiff hereby makes a claim against Defendant 4A'S under all of the applicable paragraphs of Executive Law §296.

**AS A FOURTH CAUSE OF ACTION**
**UNDER STATE LAW**
**RETALIATION**

64. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

65. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice:

> "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he has opposed any practices forbidden under this article."

66. Defendant 4A'S engaged in an unlawful discriminatory practice by discharging, retaliating, and otherwise discriminating against the Plaintiff for requesting a religious accommodation and because of her opposition to her employer's unlawful employment practices.

9

## AS A FIFTH CAUSE OF ACTION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
## <u>DISCRIMINATION</u>

67.    Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

68.    The Administrative Code of City of New York, Title 8, §8-107 [1] provides that "It shall be an unlawful discriminatory practice: (a) For an employer or an employee of agent thereof, because of the actual or perceived … religion … of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment.

69.    Defendant 4A'S engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against the Plaintiff on the basis of her religion, together with failure to provide a religious accommodation, and unlawful termination.

## AS A SIXTH CAUSE OF ACTION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
## <u>RETALIATION</u>

70.    Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

71.    The New York City Administrative Code Title 8-107(7) provides that:

> "It shall be unlawful discriminatory practice for any person engaged in any activity to which this chapter applies to retaliate or discriminate in any manner against any person because such person has (i) opposed any practice forbidden under this chapter, (ii) filed a complaint, testified or assisted in any proceeding under this chapter, (iii) commenced a civil action alleging the commission of an act which would be an unlawful discriminatory practice under this chapter…"

10

72. Defendant 4A'S engaged in an unlawful and retaliatory discriminatory practice by retaliating, and otherwise discriminating against Plaintiff for requesting a religious accommodation and because of her opposition to her employer's unlawful employment practices.

**WHEREFORE**, Plaintiff respectfully requests a judgment against Defendant 4A'S:

A. Declaring that Defendant 4A'S engaged in an unlawful discriminatory practice prohibited by Title VII, the New York State Executive Law, and the New York City Administrative Code, and that Defendant 4A'S discriminated against Plaintiff on the basis of her religion, together with failure to provide a religious accommodation, retaliation, and unlawful termination;

B. Awarding damages to the Plaintiff for any lost wages and benefits, past and future, back pay and front pay, resulting from Defendant 4A'S' unlawful employment practices;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to reputation in an amount in excess of the jurisdiction of all lower courts;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff attorney's fees, costs, and expenses incurred in the prosecution of the action;

F. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendant 4A'S' unlawful employment practices.

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE,** Plaintiff demands judgment against Defendant 4A'S in an amount to be determined at the time of trial plus interest, punitive damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated: June 21, 2023
　　　 New York, NY


By:　　*/s/ Max C. Bracero, Esq.*
　　　　**PHILLIPS & ASSOCIATES, PLLC**
　　　　*Attorneys for Plaintiff*
　　　　Max C. Bracero, Esq.
　　　　45 Broadway, Suite 430
　　　　New York, New York 10006
　　　　mbracero@tpglaws.com
　　　　(212)-248-7431

12